UNITED STATES v. W. R. ZANES & CO.

AND

W. R. ZANES & CO. (STRAUSS-ECKHARDT CO., INC.) v. UNITED STATES

No. 5871.—Invoice dated Oberlind, Germany, August 31, 1936.
Entered at Houston, Tex., September 28, 1936.
Entry No. 349–H.

(Decided May 11, 1943)

Sharretts & Hillis (Arthur L. Tallman of counsel) for the importer.
Paul P. Rao, Assistant Attorney General (Daniel I. Auster, special attorney), for the United States.

COLE, Judge: This appeal for reappraisement brings for determination the proper dutiable value of certain Christmas-tree ornaments, exported from Oberlind, Germany, and entered at the port of Houston, Tex.

The case was submitted for decision on April 29, 1943, on a stipulation wherein the parties agree that

the glass Christmas tree ornaments on the invoice covered by the * * * appraisement appeal exported from Germany in 1936, and the market conditions with respect thereto are the same in all material respects as the glass Christmas tree ornaments, and the market conditions with respect thereto, in the case of F. W. Woolworth Co. et al. v. United States, R. D. 5094, * * *. That * * * the German homeworkers' prices are represented by the entered and appraised values less any additions made by the importer by reason of advances made by the appraiser in similar cases plus 47½%. * * *.

that the record in said Reap. Dec. 5094 may be and hereby is incorporated as a part of the record in the  *  *  *  reappraisement appeal.

In the *Woolworth* case, *supra*, the question before the court was whether the cash prices of people in the Sonneberg-Lauscha district of Germany, manufacturing Christmas-tree ornaments, cocktail sticks, and other glass novelties, in their homes, represented the proper dutiable values of the merchandise, or whether higher prices charged by commissionaires or dealers was the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value, as defined in section 402 (c) and (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed., section 1402 (c) and (d)), and accordingly held such values to be the proper ones for tariff purposes.

On the stipulated facts, the court finds that there existed for the Christmas-tree ornaments in question, at the time of exportation thereof, a foreign value and an export value, as they are defined in said section 402, and accordingly holds that such values are the entered and appraised values less any additions made by the importer by reason of advances made by the appraiser in similar cases, plus 47½ per centum.

The appeal having been abandoned as to all other merchandise, it is hereby dismissed so far as it relates thereto.

Judgment will be rendered accordingly.